2. PRINCIPAL AND AGENT, § 180*—*when undisclosed principal cannot be held liable as partner on contract by agent in his individual capacity.* An undisclosed principal cannot be held liable on a contract by the agent under seal and in his individual capacity on the theory that the principal and agent were copartners where they are not sued as copartners.

3. PRINCIPAL AND AGENT, § 180*—*when undisclosed principal not held liable on contract by agent under seal and in individual capacity.* In an action on a contract for advertising, executed under seal by an agent in his individual capacity for an undisclosed principal, the fact that the contract states that the advertising therein was for the business "of the advertiser," does not render the principal liable, though she was, in fact, conducting the business, where the contract expressly refers to the agent as the advertiser.

---

# The People of the State of Illinois for use of Israel Benjamin, Appellee, v. William A. Snyder et al., on appeal of The Title Guaranty & Trust Company, Appellant.

## Gen. No. 19,299.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 1, 1915.

### Statement of the Case.

Suit by the People of the State of Illinois for the use of Israel Benjamin, plaintiff, against William A. Snyder and The Title Guaranty & Trust Company, a corporation, defendants, principal and surety respectively, on the official bond of Snyder as constable.

Service of summons was had upon the surety only, and judgment was recovered against it for $3,000 debt and $2,270 damages. From this judgment, defendant Trust Company appeals.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The declaration alleged the election and qualification of Snyder as constable, the giving of the bond sued on and its approval by the county clerk, and assigned as a breach of its conditions that one L. R. Huston on June 30, 1906, before a justice of the peace in Cook county, obtained two judgments against Tobias D. Lande, one for $200 and the other for $133; that on July 21, 1906, executions were issued on both said judgments and placed in Snyder's hands for service; that on July 31st, following, said Snyder levied upon and carried away certain described jewelry, clocks, watches, fountain pens and store furnishings belonging to Israel Benjamin, of the value of $2,000; that said Benjamin, before or at the time of said levy, informed said Snyder that he, Benjamin, was the owner of said goods and chattels and protested against said Snyder levying upon and taking and carrying away the same or any part thereof. The issues were made upon three pleas filed by defendant Trust Company: First, *non est factum,* unverified, and not now relied upon; second, a denial that Benjamin was damaged; and third, a denial that Benjamin was the owner of the goods and chattels levied upon.

Defendant's plea averring that the property in question was not the property of Benjamin was, by leave of court, filed by it upon the close of the evidence for plaintiff, and it was insisted that the verdict of the jury upon the issue made by this plea was against the manifest weight of the evidence.

It was contended by defendant that in July, 1906, when the constable levied the executions upon the property in question, said property belonged to the judgment debtor, Lande, and not to Benjamin. The only substantial controversy upon the trial in the court below related to this issue.

Some time prior to February, 1906, Lande was adjudged a bankrupt, and on or about February 10, 1906, the assets of said bankrupt, including a portion of the property here involved, were struck off and sold to

Benjamin for his bid of $2,125, and the trustee of said bankrupt's estate was directed to turn over such assets to Benjamin.

The testimony disclosed that Benjamin paid for the property with his certified check for the amount of his bid; ·that the property was then in the store building formerly occupied by the judgment debtor, Lande, and where, prior to his bankruptcy, he conducted the jewelry business; that at the time of the purchase of the property by him, Benjamin was twenty-one years of age and was a clerk in the employ of a firm doing a wholesale jewelry business; that he borrowed from various parties the greater part of the money which he paid for the property; that immediately upon his purchase of the property he procured a consignment of diamonds from the firm by which he was employed and mingled the same with the stock of goods so purchased by him; that he directed Lande to put his, Benjamin's, name on the outside of the store, and that he then, also placed on the front of the store a piece of paper whereon were written or printed the words, ''I. Benjamin is the owner of this property;'' that on the signs in front of the store, whereon appeared the name ''T. D. Lande,'' he caused to be placed immediately above said name printed signs whereon appeared in small letters the words, ''I. Benjamin, successor to;'' that he personally did nothing with the property from the time he purchased the same in February, 1906, until it was levied upon by the constable in July following.

Defendant disclaimed upon the trial any purpose of showing that any part of the money which Benjamin paid for the property was obtained from or belonged to the judgment debtor, Lande.

SHERIFF, DENT, DOBYNS & FREEMAN, for appellant.

EDWARD H. MORRIS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1466*—*when admission of incompetent evidence as to admitted matters harmless error.* The admission of incompetent evidence to prove admitted matters is harmless error.

2. SHERIFFS AND CONSTABLES, § 95*—*when plea of non damnificatum admits breach of bond.* In an action on the official bond of a constable to recover for a wrongful levy of an execution, the plea of *non damnificatum* admits a breach of the condition of the bond.

3. EXECUTION, § 309*—*when evidence sufficient to establish ownership of property in action for wrongful levy.* Evidence in action against surety for constable to recover on official bond for wrongful levy of execution, examined and *held* sufficient to support verdict showing ownership of the property in plaintiff.

4. EVIDENCE, § 76*—*when statements of officer part of res gestæ in action for wrongful levy.* In an action to recover on the official bond of constable for wrongful levy, statements by the officer at the time of the levy and in connection therewith are admissible as part of the *res gestæ.*

5. EVIDENCE, § 366*—*when question calling for conclusion inadmissible.* A question which calls for a conclusion of the witness is properly excluded.

---

## The People of the State of Illinois, Plaintiff in Error, v. John H. Peterson, Defendant in Error.

### Gen. No. 21,167.

1. INTOXICATING LIQUORS, § 19*—*when ordinances of village of Hyde Park in effect before annexation control issuance of dramshop license.* The ordinances of the village of Hyde Park relative to the licensing of dramshops which were in effect at the time the village was annexed to Chicago are still effective.

2. INTOXICATING LIQUORS, § 58*—*when renewal license for dramshop invalid where original license invalid.* Under ordinances which require that an application for a dramshop license shall be

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.